**RECORD NO. 14-2135**

IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

ESTATE OF WAYNE A. JONES BY ROBERT L. JONES
AND BRUCE A. JONES, Adminstrators of the Estate of
Wayne A. Jones,

*Plaintiff-Appellant*,

v.

CITY OF MARTINSBURG, WEST VIRGINIA; PFC. ERIK HERB;
PFC. DANIEL NORTH; PTLM. WILLIAM STAUBS; PTLM. PAUL
LEHMAN; PFC. ERIC NELLY

*Defendants-Appellees*,

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

**REPLY BRIEF OF APPELLANT**

Rocco Joseph DeLeonardis
CONSUMER LAW, PLLC
Suite 120E
11480 Sunset Hills Road
Reston, VA 20190
(703) 883-2020
rocco@Ltamerica.com

Christopher E. Brown
THE BROWN FIRM, PLLC
526 King Street, Suite 207
Alexandria, VA 22314
(703) 924-0023 Telephone
brownfirm@lawyer.com

*Counsel for Appellant*

*Counsel for Appellant*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii

ARGUMENT .............................................................................................................1

CONCLUSION ......................................................................................................14

CERTIFICATE OF COMPLIANCE .....................................................................15

CERTIFICATE OF SERVICE ...............................................................................16

# TABLE OF AUTHORITIES

## CASES

Bellshouth Telesensor v Info Sys. & Networks Corp.,
   1995 WL 520978, "*5 n.6 (4th Cir.1995) ...................................................... 10

Callier v. Gray,
   167 F.3d 977 (6th Cir. 1999) .......................................................................... 6

Devine v. Thalhimers,
   977 F.2d 572 (4th Cir) ............................................................................... 8, 9

First Union Mortgage Corp., v. Smith,
   229 F.3d 992 (10th Cir. 2000) ....................................................................... 3

Gell v. Town of Aulander,
   2009 U.S. Dist. LEXIS 4553 (E.D.N.C. Jan. 22, 2009) ................................ 7

Parts & Electric Motors, Inc. v. Sterling Electric, Inc.,
   866 F.2d 228 (7th Cir.1988) ........................................................................ 10

TFWS, Inc v. Franchot,
   572 F.3d 186 (4th Cir. 2009) .................................................................. 9, 11

Thomas v. Arn,
   474 U.S. 140 (1985) ..................................................................................... 10

Segal v. L. C. Hohne Contrs., Inc.,
   303 F. Supp. 2d 790 (S.D. W. Va. 2004) ....................................................... 5

United States v. Aramony,
166 F.3d 655 (4th Cir. 1999) .............................................................................. 9

United States v. Henry (In re White),
   2013 U.S. Dist. LEXIS 133148 (E.D. Va. Sept. 13, 2013) ............................ 6

United States v. Lentz,
   524 F.3d 50 (4th Cir. 2008) ........................................................................... 9

United States v. Olano,
    507 U.S. 725 (1993)..................................................................................10

Vogel v. United States Office Products Co.,
    258 F.3d 509 (6th Cir. 2001) ......................................................................7

Wadley v. Park at Landmark, LP,
    264 Fed.Appx. 279 (4th Cir. 2008).........................................................8, 9

Witt v. W. Va. State Police,
    633 F.3d 272 (4th Cir. 2011) ....................................................................13

## STATUTES

28 U.S.C. § 636 ..................................................................................1, 2, 4, 6
28 U.S.C. § 636(b)(1)......................................................................................5
28 U.S.C. § 636(b)(1)(A)................................................................................7
28 U.S.C. § 636(b)(1)(B).......................................................................3, 5, 6
28 U.S.C. § 636 (b) (1)(c)...............................................................................1
42 U.S.C. § 1983 ...........................................................................................13

## RULES

Fed. R. Civ. P. 54(d)(2)(D) ............................................................................6
Fed. R. Civ. P. 72..............................................................................3, 5, 6, 7
Fed. R. Civ. P. 72(a).......................................................................................1
Fed. R. Civ. P. 72(b) .............................................................................1, 4, 6
Fed. R. Civ. P. 72(b)(1)..................................................................................6
Fed. R. Civ. P. 72(b)(3)..................................................................................6
Local Rule, E.D. N.C. R. 72.4(a)...................................................................8

## UNITED STATES CONSTITUTIONAL

U.S. Const. art. III .........................................................................................5

## ARGUMENT

The Appellees make another attempt to dismiss this case on a procedural technicality but fall short in their legal analysis. Fed. R. Civ. P. 72(a) does not apply to the magistrate's ruling because the matters decided by the magistrate are dispositive in nature and should have been referred to the District Court with a Report and Recommendation in order for the magistrate's order to be precluded from review on appeal. Fed. R. Civ. P. 72(b) applies to the matters raised in the magistrate's ruling since the issues of whether Mr. Jones had a knife and whether he attacked a police officer are dispositive of this case. Therefore, the Plaintiff's objection to the Defendant's Motion for Summary Judgment are timely to preserve its right to appeal.

Federal magistrate judges are creatures of statute, and their jurisdiction is limited. Unlike Article III district judges, magistrates only have the authority granted to them by Congress in 28 U.S.C. § 636. As applicable here, where the parties did not consent to proceeding before the magistrate judge, the court may designate a magistrate judge to consider matters generally categorized as `dispositive' or `non-dispositive,' and a magistrate judge's authority with respect to each category is different. Under 28 USC636 (b) (1)(c), a Magistrate Judge is required to submit a Report and Recommendation for entry of an order by the District Court Judge on all dispositive matters.

1

In the instant case, the District Court directed the magistrate in the January 28, 2014 Order of Referral (Doc 39), if necessary, to "enter into the record a written Report and Recommendation setting forth findings of fact and a recommended disposition." The nature of the ruling meant it was dispositive, thus the Report and Recommendation was necessary. No such Report and Recommendation was ever submitted to the District Court or sent to the Plaintiffs. The magistrate's ruling is not enough by itself to preclude it from review of this Court on this dispositive matter. 28, USC 636 states in part:

"(b) (1) Notwithstanding any provision of law to the contrary--

> (A) a judge may designate a magistrate [magistrate judge] to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's [magistrate judge's] order is clearly erroneous or contrary to law.
>
> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement
>
> (C) the magistrate [magistrate judge] *shall* file his proposed findings and recommendations under subparagraph (B) with the court and a

2

copy shall forthwith be mailed to all parties. ***Within fourteen days after being served with a copy***, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [magistrate judge]. The judge may also receive further evidence or recommit the matter to the magistrate [magistrate judge] with instructions. (all emphases added)

While magistrates may hear dispositive motions, they may only make proposed findings of fact and recommendations, and district courts must make *de novo* determinations as to those matters. Id. § 636(b)(1)(B), (C). <u>First Union Mortgage Corp., v. Smith</u>, 229 F.3d 992, 995 (10th Cir. 2000) (internal citations, quotations, and brackets omitted). A magistrate's ruling alone on these clearly dispositive matters without providing a report and recommendation should be subject to be review on appeal by this Court. Fed. R. Civ. P. 72 states:

Rule 72. Magistrate Judges: Pretrial Order

(a) NONDISPOSITIVE MATTERS. When a pretrial matter **not dispositive of a party's claim or defense is referred** to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, **when appropriate**, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

3

> (b) DISPOSITIVE MOTIONS AND PRISONER PETITIONS.
>
> (1) *Findings and Recommendations.* A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement. A record must be made of all evidentiary proceedings and may, at the magistrate judge's discretion, be made of any other proceedings. The magistrate judge ***must*** enter a recommended disposition, including, if appropriate, proposed findings of fact. The clerk must promptly mail a copy to each party.
>
> (2) *Objections.* Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy. Unless the district judge orders otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient. (all emphases added)

For the purpose of determining whether a matter is dispositive is not limited to the motions listed in 28 U.S.C. § 636 (ie motions for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, etc). Any motion considered to be dispositive of a party's case will fall under Rule 72(b). One fact, whether admitted or denied, could be dispositive of a case. Certainly, given the nature of the underlying claims, to have admitted or denied attacking and stabbing a police officer with a knife is dispositive of the Appellant's claims in this case, as was

4

proven given those admissions served as the bases for the granting of summary judgment.

This Court has addressed this issue in several cases:

1. <u>Segal v. L. C. Hohne Contrs., Inc.</u>, 303 F. Supp. 2d 790, 791 (S.D. W. Va. 2004):

   A magistrate judge has the power to consider both non-dispositive and dispositive pre-trial motions, subject to two different standards of review by a district court judge. 28 U.S.C.S. § 636(b)(1), Fed. R. Civ. P. 72.

   28 U.S.C.S. § 636(b)(1)(B) provides that in regard to the eight motions expressly excepted under § 636(b)(1)(A), a magistrate judge may conduct hearings and submit to the district court judge proposed findings of fact and a recommendation for disposition. § 636(b)(1)(B). Upon a party's objection, § 636(b)(1)(B) requires that the district court conduct a de novo review of those portions of the proposed findings and recommendation to which objection is made. Thus, § 636(b)(1) of the Magistrates Act distinguishes between dispositive and non-dispositive motions by requiring a higher standard of review for those listed pre-trial motions that are considered to be dispositive. This distinction is one of constitutional significance.

   The United States Constitution requires that U.S. Const. art. III judges exercise final decision-making authority, and therefore, a district court judge must make the final determination on dispositive matters. After the Magistrates Act was amended to include 28 U.S.C.S. § 636(b)(1), courts have recognized the constitutional concern underlying its provisions and, as a result, do not confine the application of § 636(b)(1)(B) to the eight listed motions. Rather, courts consider whether the nature of a motion is dispositive, regardless of whether the motion actually appears on the list. If a motion is determined to be dispositive in nature, a magistrate judge cannot exercise decision-making power, but can only issue findings and a recommendation as provided by § 636(b)(1)(B). The district court will accordingly conduct a de novo review of those findings upon a party's objection.

The principle behind Fed. R. Civ. P. 72 is that a court must look to the nature of a motion rather than its label in determining the standard of review to apply. Motions for sanctions are not dispositive by nature, regardless of the label. There is a clear difference between the potential dispositive power, rarely wielded, of a motion for sanctions and the inherent dispositive nature of a motion for summary judgment. The commonsense approach advocated by Rule 72 presumes that courts will recognize this difference and review the findings of a magistrate judge accordingly.

2. <u>United States v. Henry</u> (In re White), 2013 U.S. Dist. LEXIS 133148, 1 (E.D. Va. Sept. 13, 2013)

Under the Magistrate Judges Act, 28 U.S.C. § 636, a district judge may designate a magistrate judge to conduct hearings (if necessary) and report proposed findings of fact and recommendations for action on a dispositive motion. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); *see also* Local Rule 301.5(b). A motion for default judgment is a dispositive motion for purposes of the Magistrate Judges Act. *See Callier v. Gray*, 167 F.3d 977, 980-82 (6th Cir. 1999); *see also* Local Rule 301.6(a) (l). Requests for attorneys' fees are also treated as dispositive motions for purposes of referral to a magistrate judge. *See* Fed. R. Civ. P. 54(d)(2)(D).

Fed. R. Civ. P. 72(b) provides for the referral of "dispositive motions." Concerning these matters, the magistrate judge is directed to promptly conduct the required proceedings and to make a record of all evidentiary proceedings. Fed. R. Civ. P. 72(b)(1). Instead of issuing an order stating his decision, the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact. If a party timely objects to any proposed finding or recommendation, the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.

3. Gell v. Town of Aulander, 2009 U.S. Dist. LEXIS 4553, 1 (E.D.N.C. Jan. 22, 2009)

> A district court may designate a magistrate judge to decide a non-dispositive matter. 28 U.S.C.S. § 636(b)(1)(A). A district court in reviewing this decision is to set aside any portion that is clearly erroneous or contrary to law. E.D. N.C. R. 72.4(a). On the other hand, as certain constitutional issues arise when a magistrate judge decides a dispositive matter, the rules provide that a magistrate judge is to enter findings and recommendations on these matters rather than decision.

Other Circuits have adopted the same common sense conclusion. In Vogel v. United States Office Prods. Co., 258 F.3d 509, 511 (6th Cir. 2001) the 6th Circuit determined that

> Pretrial matters that a magistrate judge is precluded from 'determining' pursuant to 28 U.S.C.S. § 636(b)(1)(A) are called 'dispositive' because they are dispositive of a claim or defense of a party. Fed. R. Civ. P. 72. In determining whether a particular motion is dispositive, the court undertakes functional analysis of the motion's potential effect on litigation. The list of dispositive motions contained in § 636(b)(1)(A) is non exhaustive, and unlisted motions that are functionally equivalent to those listed in § 636(b)(1)(A) are also dispositive.

Plaintiff respectfully submits it is virtually impossible to argue that the two most important admissions (1. whether Mr. Jones had a knife, and 2. whether he attacked the police officer) are not dispositive of this case. These two deemed admissions appear in the very first sentence of the Appellee's brief as their flagship argument – "…Wayne A. Jones….was shot and killed in Martinsburg West Virginia on March 13, 2013 when, after refusing to comply with lawful commands,

7

*attacked a Martinsburg City Police Officer with a knife.*" (emphasis added). The Appellants made it abundantly clear that the two main deemed admissions are the primary basis for their entire argument.

The Appellee's cite <u>Wadley v. Park at Landmark, LP</u>, 264 F. App 279,281 (4th Cir) and <u>Devine v. Thalhimers</u>, 977 f.2d 572 (4th Cir), both of which deal with clearly non-dispositive matters. In <u>Wadley</u>, the magistrate denied Wadley's motion to compel discovery.  Wadley had attempted to gather demographic evidence to support his claims by way of letter, rather than by formal discovery requests, in which Wadley requested confidential information of Appellees regarding Section 8 residents.  Appellees argued before the magistrate judge that they did not possess the information sought by Wadley, and that the Fair Housing laws prohibited landlords from keeping the racial statistics sought by Wadley on their tenants. The issues in <u>Wadley</u> were far from dispositive.

In <u>Devine</u>, before Thalhimers filed its motion for summary judgment, Devine filed a motion seeking to compel discovery of statistical data concerning Thalhimers' work force and Devine failed to file an appeal with the district court. In a subsequent objection to the magistrate judge's report and recommendation, Devine for the first time objected to the magistrate judge's decision not to compel discovery of the statistical data contending that this decision undermined her efforts to establish a cause of action for racial discrimination based on disparate

8

impact. The district court did not address this issue when it adopted the magistrate judge's recommendation and granted summary judgment for Thalhimers. In *Devine,* the magistrate properly provided a report and recommendation, but Devine did not timely object and the matters at issue were also clearly not dispositive. Unlike Wadley and Devine, the deemed admissions in the instant case go right to the heart of the Appellant's claims.

Even if, a*rguendo,* the deemed admissions are determined to be non-dispositive in nature, the Court has ruled in TFWS, Inc v. Franchot*,* 572 F.3d 186, 194 (4th Cir. 2009) that erroneous rulings by a magistrate judge on *non-dispositive* matters can be brought up in the *first instance* on appeal under three exceptions to the Law of the Case Doctrine: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." Aramony*,* 166 F.3d at 661 ), see also United States v. Lentz, 524 F.3d 501, 528 (4th Cir. 2008). The magistrates ruling in this case falls under exception (3) as "the prior decision was clearly erroneous and would work manifest injustice."

In TFWS, Inc v. Franchot this Court established a "sniff test" standard of review for reviewing non-dispositive matters in the first instance on appeal -  "A prior decision does not qualify for this third exception by being "just maybe or

9

probably wrong; it must….strike us as wrong with the force of a five-week old unrefrigerated dead fish." Bellshouth Telesensor v Info Sys. & Networks Corp., 1995 WL 520978, "*5 n.6 (4th Cir.1995) (unpublished)(quoting Parts & Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228, 233 (7th Cir.1988). It must be "dead wrong." Sterling Elec., 866 F.3d at 233.  That position is consistent with rulings from the United States Supreme Court.  In Thomas v. Arn, 474 U.S. 140 (1985), the United States Supreme Court held that the loss of the right to any Article III review through failure to object to a magistrate judge's report and recommendations merely constituted a nonjurisdictional "procedural default," similar to failure to pay an appellate filing fee or failure to file an appeal before an internal court deadline. Thus, discretionary appellate review "in the interest of justice" remained available.

  Since the Arn decision and the promulgation of Rule 59, in United States v. Olano 507 U.S. 725(1993) the Supreme Court carved out a special meaning for the word "waiver": that there is a procedural and substantive distinction between waiver - "the intentional relinquishment or abandonment of a known right" - and forfeiture - "the failure to make the timely assertion of a right."  Substantively, waiver fully extinguishes any error, precluding any form of review, whereas forfeiture means that an error, which is clear and affects substantial rights, remains subject to reversal for plain error.

The first issue for the Court to decide is whether the deemed admissions are dispositive of this case. Appellant submits the answer is clear – the grant of summary judgment was based on the admissions, revealing the decision to deem them admitted was dispositive.  Again, however, the Court has discretion to review a magistrates ruling on appeal in either event. If the Court decides that the deemed admissions are dispositive then the Appellant's objection to the Appellees' Summary Judgment would be timely to preserve its right to appeal. Were this Court to determine that the deemed admissions are non-dispositive, this Court has authority to review the magistrate's ruling because it falls under the third exception as set for the in TFWS.

While the response to the request for admissions was two days late, there was absolutely no prejudice to the Appellees.  There were nine months left in discovery in a case where the Plaintiff, given those admissions which were contrary to the evidence (the dashcams), was deemed to have attacked a police officer with a knife while he was lying face down and unconscious after being beaten and tazed.  To then enter an order without a Report and Recommendation is *manifestly unjust* and *dead wrong*.

Without the admissions, Appellee's opposition to this Appeal fails on each of the Appellant's claims as the deemed admissions go to the core of each claim.

Excessive Force

The Appellant's repeated claims that they were justified in using excessive force has been based on their contention that Mr. Jones had a knife and attacked a police officer. The admissions are the **only** way these facts could be considered undisputed and clearly go to the core of the Excessive Force claim. The Appellee's brief suggests that Mr. Jones was shot 22 times as a result of a split-section decision. The only way the court could conclude that the decision to shoot Mr. Jones was a split section decision is by relying on the admissions since the Appellant's position and the evidence show that the decision to shoot Mr. Jones was anything but split-second. Appellees' Brief recites their account of the facts at the crucial seconds of the shooting as follows:

> Around this time, Lehman saw an object in Jones' hand. The Martinsburg Officers all backed away from Jones and drew their service weapons. Herb then saw the knife in Jones right hand, which he described looked like a steak knife. The Martinsburg Officers gave verbal commands for Jones to drop the knife, but Jones refused. Jones maintained control of the knife and attempted to get up with it in his hand. Fearing for their lives and their safety, the Martinsburg Officers, fired multiple rounds at Jones.

(Brief of Appellees, p14-15)(citations omitted). These facts are far from showing a split-second decision. If you were to take away the self-serving statements about the knife and the attack on the officers therewith, the remaining facts look exactly like the Appellant's account of the facts which were consistent with what was displayed clearly in the dashcams. Those voice commands were conspicuously

wiped out from the dashcam videos. The dashcams and the Appellee's own account show that the police officers stepped back, took some time, yelled some things, and then fired at a man who had just been choked, beaten, tazed, and who was lying face down trying to get up. Appellant respectfully submits, under the circumstances it is clear Mr. Jones was in no position to "attack" the police officers. Yet the admissions, which were contrary to the facts, sealed the fate of his claim.

## 42 U.S.C.§1983 and Immunity

All defenses to Constitutional claims through Immunity will only survive if there are no dispute of material facts. This matter was addressed squarely in <u>Witt v. W. Va. State Police</u>, 633 F.3d 272, 276 (4th Cir. 2011). In <u>Witt</u>, the District Court concluded that the lack of neutral witnesses pitted the self-interested testimony of the troopers, who had one account of events, against the self-interested testimony of Witt, Gedon, and her daughter, who had a very different account, and that the poor quality of the video did not resolve these disputes. This finding that genuine disputes of material fact preclude the grant of summary judgment on qualified immunity grounds "would seem to require us to dismiss the troopers' interlocutory appeal for lack of jurisdiction." <u>Id.</u>

The Negligence and Wrongful death claims will logically be determined by whether excessive force was used / was justified and will be based on whether Jones had a knife and attacked a police officer.

## Conclusion

Respectfully, it is clear that the deemed admissions are dispositive of this case since they go to the core of each of the Appellant's claims, and this issue should not have been decided by the magistrate judge alone without a report and recommendation for the district court judge to consider. Were this Court of the view that they were not dispositive, it was clear error and results in a manifest injustice to have deemed the admissions admitted. The Estate of Mr. Jones should not be denied due process based on facts deemed admitted when those facts were contrary to the objective evidence before the Court and given the response was two days late with nine months left in the discovery period. For all the foregoing reasons this case should be remanded on all counts and sent to the district court for trial on the merits.

Date: March 24, 2015                    Respectfully Submitted,

                                                          **Estate of Wayne A. Jones**,

                                                          By Counsel,

/s/ *Christopher E. Brown*
Christopher E. Brown, VSB#39852
The Brown Firm, PLLC
526 King Street, Suite 207
Alexandria, Virginia 22314
Telephone: (70) 924-0223
Facsimile: (703) 997-2362
brownfirm@lawyer.com

/s/ *Rocco DeLeonardis*
Rocco DeLeonardis, VSB 39761
Consumer Law, PLLC
11480 Sunset Hills Road
Reston, Virginia 20190
Telephone: (703) 883-2020
Facsimile: (703)995-0447
rocco@virginialawplc.com.com
*Attorneys for Appellant*

## **CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. 32(a)(7)(B) because:

    The word count of this brief is <u>3,730</u>.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    This brief has been prepared in a proportionally spaced typeface using

    <u>MicroSoft Word, Times New Roman, 14 point</u>.

March 24, 2015
/s/Denise Dulong
_____

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of March, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system. Participants in this case who were registered CM/ECF users will be served with an NEF by the CM/ECF system. I further certify that for any participant in this case that is not a registered CM/ECF user I have mailed the foregoing documents by First-Class Mail, postage prepaid.

/s/*Rocco DeLeonardis*
_____
Rocco DeLeonardis, VSB 39761
Consumer Law, PLLC
11480 Sunset Hills Road
Reston, Virginia 20190
Telephone:(703) 883-2020
Facsimile: (703)995-0447
rocco@virginialawplc.com.com